**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Precision Arts Inc., <br>        Plaintiff, <br><br> v. <br><br> Madison Marie Enterprises, LLC d/b/a <br> ID Dance Competition, <br>        Defendant. | Case No.: <br><br> **JURY DEMAND** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION,
COPYRIGHT INFRINGEMENT, AND DECEPTIVE TRADE PRACTICES**

Plaintiff Precision Arts Inc. ("Precision Arts"), by and through its attorneys, hereby brings this Complaint against Defendant Madison Marie Enterprises, LLC d/b/a ID Dance Competition ("ID Dance") and alleges as follows:

**NATURE OF THE CASE**

1.　　Years before ID Dance even existed, Precision Arts created and established a national brand in the world of dance and dance competitions. Under the leadership of its founders, Kimberly Larson, Samantha McCreery, and Jennifer Rosenburg, Precision Arts flourished and came to be a recognized name for dance enthusiasts. Precision Arts's competitions are a beckoning star for dancers and dance studios.

2.　　Dance studios from various parts of the country competed, and still compete, to win competitions held by Precision Arts. The competition is intense. And a dance studio that wins a Precisions Arts dance competition wears the win like a badge of honor. For example, Creations Dance Studio announces its win of the 2019 Precision Arts Dance Competition with much fanfare. *See* Creations Dance Studio, *Awards & Recognition*, available at

1

https://creationsdancestudio.com/about/awards/ (last visited Sep. 11, 2021). A copy of the Creations Dance Studio webpage is attached as Exhibit A.

3.      The success and recognition of Precision Arts is in large part due to the innovative aspects of its dance competitions.

4.      One of those innovative features is the use of lights and/or sirens to announce an award nomination in real time immediately following the dance performance. That siren can be heard at the beginning of the following YouTube video, linked here as an example: https://www.youtube.com/watch?v=mtXVPPlCvUg. The dance competition's judges cue the lights and/or sirens, and that is how a winner is announced. Announcing winners using lights and/or sirens generates excitement among dance competition participants and motivates performers to earn them. Before Precision Arts, the industry standard was a continuous line of performances followed by the award ceremony in the end. Precision Arts deviated from the norm, heralding the unique format of playing lights and/or sirens in real time immediately after a dance performance to announce an award nomination.

5.      Precision Arts's trademarked phrase "PAC Attack Challenge" has come to be associated with Precision Arts and the distinctiveness of Precision Arts's dance competitions. The PAC Attack Challenge feature is described in detail on Precision Arts's website along with a link to a short video. *See* Precision Arts, *What is the PAC ATTACK Challenge?*, available at https://www.precisionartschallenge.com/pacattack (last visited Sep. 11, 2021). A copy of the webpage is attached as Exhibit B.

6.      Precision Arts has coined another phrase called the "PAC Attack Call Back," which is used in connection with solo dance performances. The PAC Attack Call Back feature is described in detail on Precision Arts's website along with a link to a short video. *See* Precision

Arts, *What is the PAC ATTACK Call Back?*, available at https://www.precisionartschallenge.com/callback (last visited Sep. 11, 2021). A copy of the webpage is attached as Exhibit C. The phrase "PAC Attack Call Back" has also come to be associated with Precision Arts and the distinctiveness of Precision Arts's dance competitions.

7.     Over the years, Precision Arts has actively promoted and conducted its dance competitions under the "PAC Attack Challenge" and "PAC Attack Call Back" marks. Precision Arts has also actively used its unique format of conducting dance competitions to distinguish itself in the industry. Precision Arts has spent millions of dollars and thousands of hours to build and maintain its brand.

8.     ID Dance, whose owner was a participant of Precision Arts competitions and therefore was intimately familiar with Precision Arts's distinctive features, recently entered the business of dance competitions about two years ago to ride the coattails of Precision Arts's brand, reputation, and success. As described in detail in this Complaint, ID Dance's dance competitions are a knock-off of Precisions Arts's original and innovative features. Consumers in the industry have in fact begun to confuse the newcomer (ID Dance) for the long-time trailblazer (Precision Arts).

9.     This is an action against ID Dance for trademark infringement, false designation of origin, trademark infringement, trademark dilution, unfair competition, and violation of Illinois unfair competition laws.

### PARTIES

10.     Plaintiff Precision Arts Inc. is an Illinois corporation with a principal place of business at 110 S Third Suite B, Wilmington, IL 60481.

11.     On information and belief, Defendant Madison Marie Enterprises, LLC d/b/a ID Dance Competition is a Michigan limited liability company with a principal place of business in Temperance, Michigan.

## JURISDICTION AND VENUE

12.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.,* and related state laws as hereinafter more fully appear. The Court's subject matter jurisdiction is based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and the doctrine of supplemental jurisdiction because the state law claims are so related to Precision Arts's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts, 28 U.S.C. § 1367.

13.     Personal jurisdiction over ID Dance is proper under the laws of the State of Illinois and under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution. Defendant does business in Illinois, solicits customers in Illinois and, on information and belief, derives substantial revenue from doing business in Illinois. In addition, by committing acts of trademark infringement, trademark dilution, false designation of origin, and unfair competition in this Judicial District, including but not limited, rendering services with the infringing and false designations in this Judicial District, ID Dance's acts form a significant part of the events or omissions giving rise to Precision Arts's claims.

14.     As more fully described below, ID Dance operates a dance competition business, and ID Dance has purposefully availed itself of the privilege of conducting activities within Illinois. On information and belief, ID Dance's website is specifically directed at Cook County, Chicago. For example, ID Dance's website has a tab "TOUR DATES," which leads to a link to various cities, including Chicago, Illinois. A screenshot of the webpage reached after clicking on

the Chicago link is attached as Exhibit D. *See* ID Dance Competition, *Chicago, IL March 4-6*, *available at* https://www.iddancecomp.com/chicago2022 (last visited September 11, 2021).

15.     On information and belief, ID Dance is rendering services to the consuming public in this District.

16.     Venue is proper in this district under 28 U.S.C. § 1391 because ID Dance regularly conducts business in this District and/or a substantial part of the events giving rise to Precision Arts's claims have occurred and are occurring in this District.

**FACTS COMMON TO ALL CLAIMS**

**A. Precision Arts Establishes its Name and Recognition as an Organizer of Dance Competitions, Building its Success on Certain Creative, Brand-Distinguishing Features**

17.     Precision Arts has continuously provided entertainment services in the form of live dance performances, competitions, and contests since at least 2012.

18.     Precision Arts is the sole owner of the federal trademark "PAC Attack Challenge," registration number 6,117,708, which was registered on August 4, 2020 in International Class 41 for "entertainment services in the nature of live dance performances, competitions and contests; Organization of dance performances, competitions and contest." The trademark is currently valid, subsisting, and in full force and effect. A copy of the registration downloaded from the United States Patent and Trademark Office is attached as Exhibit E.

19.     The foregoing trademark registration constitutes *prima facie* evidence of the trademark's validity, Precision Arts's ownership of the trademark, and of Precision Arts's

exclusive right to use the registered mark in interstate commerce on or in connection with the services specified in the registrations, pursuant to 15 U.S.C. § 1057(b).

20. Precision Arts uses "PAC Attack Challenge" on its website (www.precisionartschallenge.com/pacattack); in its dance competitions (*see, e.g.,* https://www.youtube.com/watch?v=vp5rx7g2xPc); on Facebook (http://www.facebook.com/PrecisionArtsChallenge); on Instagram (https://www.instagram.com/precisionartschallenge/?hl=en); and on YouTube (www.youtube.com/user/PrecisionArtsDance) to identify and distinguish its services in the entertainment industry. No entity other than Precision Arts is authorized to provide any services in the United States under the mark.

21. Precision Arts also uses the mark "PAC Attack Call Back" on its website (https://www.precisionartschallenge.com/callback); in its dance competitions; on Facebook www.facebook.com/PrecisionArtsChallenge); on Instagram (http://www.facebook.com/PrecisionArtsChallenge); and on YouTube (*see, e.g.,* https://www.youtube.com/watch?v=cHOftAprrJY) to identify and distinguish its services in the entertainment industry. No entity other than Precision Arts is authorized to provide any services in the United States under the mark.

22. Precision Arts has invested a substantial amount of time, money, and other resources in advertising, promoting, marketing, and publicizing the services provided under the "PAC Attack Challenge" and "PAC Attack Call Back" marks.

23. Precision Arts uses other creative features to identify and distinguish itself in the marketplace. For example, to announce an award nomination in dance competitions organized by Precision Arts, judges cue certain lights and/or sirens in real time immediately following the dance

performance. This is different from the industry-standard competition format in which a winner's announcement is made after the completion of the performances of all the participants or participating teams. The following screenshots from Precision Arts's website illustrates the real-time, lights-and-siren winner announcement:



*See* Precision Arts, *What is the PAC ATTACK Challenge*, available at https://www.precisionartschallenge.com/pacattack (last visited Sep. 2, 2021) (emphasis added) (a copy of the website is attached as Exhibit B);

### HOW DOES IT WORK?

- Soloists registered in the Junior, Pre-Teen, Teen, & Senior age groups in all levels (advanced, competitive, and pre-professional) are automatically entered.

- This is a performance competition. Soloists that are truly captivating performers are what the judges are looking for on stage. Following their solo, the judges will cue the lights and sirens. This is how you will know that soloist has been chosen for a PAC Attack Call Back. By having the sirens sound, your dancer will be awarded a Precision Performer Award for the weekend.

- The PAC Attack Call Back will take place before the awards of that session. PAC Attack Call Back contestants will then be asked to improv. The improv will be done to a jazz song. They will be allowed to wear whatever they want for their Call Back.

- They have already won! This is an opportunity to show off and have fun with a crowd full of their biggest fans!

*See* Precision Arts, *What is the PAC ATTACK Call Back*, available at https://www.precisionartschallenge.com/callback (last visited Sep. 2, 2021) (emphasis added) (copy of website attached as Exhibit C).

24.     Precision Arts's "PAC Attack Challenge," "PAC Attack Call Back," and the use of lights and/or sirens to immediately announce winners in dance competitions as described above will be collectively referred to hereinafter as "Marks."

25.     Due to Precision Arts's longstanding use of the Marks, Precision Arts has created a significant amount of goodwill and consumer recognition for the Marks.

26.     By virtue of Precision Arts's longtime use, sales, and promotion of the Marks, the Marks have acquired substantial value as identifiers of Precision Arts's services, and they serve to identify and distinguish Precision Arts's services from those of others. Consumers in this Judicial District and elsewhere recognize the Marks as distinctive designations of the origin of Precision Arts's services. The Marks are a symbol identifying Precision Arts and Precision Arts's services, reputation, and goodwill.

8

**B. ID Dance's Founder and her Mother Participate in Precision Arts's Events for Years, Observing the "Precision Arts Way of Doing Things"**

27.     On information and belief, Vibe Dance Company ("Vibe Dance") is a Michigan-based provider of dance instructions and training.

28.     Vibe Dance has been a client of Precision Arts since 2014. On information and belief, Vibe Dance is owned and/or operated by Heather Saul.

29.     On information and belief, Madison Saul is Heather Saul's daughter.

30.     On information and belief, Madison Saul is the founder, owner, and/or director of ID Dance. *See, e.g.*, LinkedIn, *Madison Saul*, available at https://www.linkedin.com/in/madison-saul-265187180/ (last visited Sep. 11, 2021) (attached as Exhibit F).

31.     Both Heather Saul and Madison Saul have attended several dance competitions organized by Precision Arts. On information and belief, their most recent attendance was at Precision Arts's event in Detroit in May 2021.

32.     Vibe Dance Company has been a registered participant in Precision Arts's events since 2014. For example, attached as Exhibit G is a photo of a t-shirt of a 2014 tour held by Precision Arts. The t-shirt lists "VIBE DANCE CO" as one of the participating studios. Another example is a Precision Arts Facebook post dated March 16, 2014 featuring Madison Saul of Vibe Dance Company, attached as Exhibit H.

**C. ID Dance Launches a Copycat Version of the Precision Arts Dance Competition**

33.     On information and belief, Defendant Madison Marie Enterprises, LLC d/b/a ID Dance Competition was organized in March 2018. A copy of the company's registration certificate, downloaded from the Michigan State's Department of Licensing and Regulatory Affairs website, is attached as Exhibit I.

34.     On information and belief, ID Dance started conducting dance competitions in 2019, which was many years after Precision Arts's use of the Marks.

35.     ID Dance practices, advertises, promotes, markets, and publicizes the same format of conducting dance competitions as Precision Arts.

36.     For example, as shown in the below screenshot of ID Dance's website (see red underline), ID Dance uses lights and sounds to announce winners in real time:

> Our ID ICON Dance Challenge is a very exciting experience for everyone! At each ID Event our judges will hand select spectacular routines that stand out! Dancers who are named ID ICONS will receive their award immediately following their routine and will be interviewed by our Emcee!
>
> ID ICON soloists are called back to our All-Star Nationals Opening Number! These dancers will be able to train one-on-one with the industry's best choreographers and instructors at our Nationals event! Performers will know if they have been chosen when the ID Spotlights flash and the ICON alarms sound! We can't wait to see who our ID ICONS will be this season!

*See* ID Dance Competition, *ID Icon Challenge*, available at https://www.iddancecomp.com/idicon (last visited Sep. 11, 2021) (emphasis added) (attached as Exhibit J). This is very similar to Precision Arts's format. *See* ¶ 23, *supra*.

37.     ID Dance links certain videos on its webpage showing that ID Dance uses lights-and-sounds to announce winners in real time immediately after a performance. *See* ID Dance Competition, *ID Icon Challenge*, available at https://www.iddancecomp.com/idicon (last visited Sep. 11, 2021). This, again, is very similar if not identical to Precision Arts's dance competition format. *See* ¶ 23, *supra*.

38.     ID Dance advertises, promotes, markets, and publicizes its products and/or services using the "ID Icon Dance Challenge" and "ID Icon Challenge" phrase. For example, under "WHY ID" tab on ID Dance's website, the very first drop-down item is "ID ICON DANCE CHALLENGE." *See* ID Dance Competition, *ID Icon Challenge*, available at

10

https://www.iddancecomp.com/idicon (last visited Sep. 11, 2021). A copy of that webpage is attached as Exhibit K.

39.    ID Dance describes the "ID Icon Dance Challenge" and "ID Icon Challenge" features on its website along with links to short videos. *Id.* As the linked videos on that webpage show, ID Dance uses lights and/or sirens to announce winners in real time immediately after a performance.

40.    ID Dance also advertises, promotes, markets, and publicizes its products and/or services using the "ID Icon Dance Challenge" phrase on social media, for example, on Facebook (https://www.facebook.com/iddancecomp/); on Instagram (https://www.instagram.com/iddancecomp/?hl=en); and on YouTube (https://www.youtube.com/channel/UC_6FwIbzetYun5Gw_UbJrWA).

41.    On information and belief, ID Dance first introduced its "ID Icon Challenge" feature on October 24, 2020. A copy of the Facebook post announcing the ID Icon Challenge is attached as Exhibit L.

42.    ID Dance's use of "ID Icon Dance Challenge" is a knock-off play on Precision Arts's "PAC Attack Challenge."

43.    ID Dance also advertises, promotes, markets, and publicizes its products and/or services using the "ID Icon Call Back" phrase, for example, on social media.  *See* ¶ 40, *supra*.

44.    On information and belief, ID Dance first introduced its "ID Icon Call Back" feature on Facebook on October 26, 2020. A copy of the Facebook post announcing the ID Icon Call Back feature is attached as Exhibit M.

45.    ID Dance's use of "ID Icon Call Back" is a knock-off play on Precision Arts's "PAC Attack Call Back."

46.     The phrase "Call Back" is not a standard in the world of dance competitions; Precision Arts coined that phrase in this context and used it to distinguish itself using "PAC Attack Call Back."

47.     ID Dance has taken other systematic steps to capitalize on the reputation and goodwill earned by Precision Arts. ID Dance has made several efforts to imitate the look-and-feel of Precision Arts and the Marks.

48.     For example, ID Dance uses a similar color scheme and layout on Instagram as Precision Arts. A side-by-side comparison of the parties' Instagram pages is provided below:



49.     Precision Arts is a member of the Association of Dance Competitions and Conventions ("ADCC"); ID Dance is not a member of ADCC. *See* ADCC, *Current Members*,

available at https://www.theadcc.org/competitions-and-conventions/current-members/ (last visited Sep. 2, 2021) (attached as Exhibit N). ADCC members, like Precision Arts, are allowed to give the "Studio of Excellence" award to a dance studio that best exemplifies the values of the ADCC. ID Dance also gives out "Studio of Excellence" awards, as shown using the below side-by-side comparison (the picture on the right was posted on ID Dance's Facebook page on January 9, 2019), further leading to the public misperception that Precision Arts and ID Dance are related:



50.     ID Dance also imitates Precision Arts in how it gives its title awards. Precision Arts gives a crown and a 2" X 2" banner as a title award. On information and belief, ID Dance also gives a crown and a 2" X 2" banner as a title award. A side-by-side comparison of both parties' title awards is provided below to illustrate the similarities:



In addition to the 2" X 2" banners, Precision Arts gives out 6" X 2" special award banners. On information and belief, ID Dance also gives out 6" X 2" special award banners.

51.     Precision Arts gifts each dance studio director a branded Yeti mug upon arrival at a Precision Arts event. On information and belief, ID Dance has done the same in the past and/or continues to do so.

52.     ID Dance is not affiliated with Precision Arts. At no time has Precision Arts ever given ID Dance license, permission, or authority to use or display the Marks.

53.     On information and belief, ID Dance continues to sell its services using the Marks, or confusingly similar versions thereof, after becoming aware of the Marks.

54.     ID Dance's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of ID Dance's services.

55.     ID Dance has a duty to avoid confusion with Precision Arts and the Marks because ID Dance entered the market after Precision Arts.

56.     ID Dance has purposefully provided dance and entertainment services in a manner that causes likelihood of confusion with Precision Arts and the Marks.

57.     ID Dance is attempting to trade on the goodwill created by the Marks.

**D.  Relevant Members of the Public Begin to Confuse ID Dance for Precision Arts**

58.     ID Dance's products and/or services compete directly with Precision Arts's products and/or services.

59.     Relevant members of the public have begun to confuse ID Dance as being the same as or affiliated with Precision Arts. For example, on June 8, 2021, PJ Forster of Dance Competition Hub sent the following email to Precision Arts asking whether ID Dance is a "sister company" of Precision Arts. A copy of that email is attached as Exhibit O. This email exemplifies actual confusion in the marketplace as to the source or origin of one or more Marks.

60.     ID Dance's knock-off plays, as alleged herein, have diverted Precision Arts's clients away from Precision Arts and towards ID Dance. For example, Decamp's Spotlight School of Dance, a former client of Precision Arts, is currently a participant in ID Dance's competitions. *See, e.g.*, Decamp's Spotlight School of Dance, *National Champions*, available at https://www.spotlightschoolofdance.com/national-champions (last visited Sep. 11, 2021) (attached as Exhibit P).

**E.  Precision Arts Requests ID Dance to Cease and Desist its Infringing Activities and Receives No Response**

61.     On July 16, 2021, Precision Arts sent a letter to ID Dance asking ID Dance to cease and desist its unlawful activities. The letter was sent via FedEx to two available addresses of ID Dance: 1671 W. Sterns Road, Ste E, Temperance, MI 48182; and 4145 Northmoor Rd, Ottawa Hills, OH 43606. Copies of the letters are attached as Exhibits Q and R.

62.     ID Dance never responded to Precision Arts's July 16, 2021 letters.

## COUNT I
## FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125(a)

63.     Precision Arts hereby realleges, repeats, and incorporates each and every allegation made above as if fully set forth herein.

64.     ID Dance's unauthorized use of the Marks and/or confusingly similar marks or features, as alleged herein, constitutes a false designation of origin that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of ID Dance and/or ID Dance's services by creating the false and misleading impression that ID Dance's services are provided by, authorized by, or otherwise associated with Precision Arts.

65.     ID Dance's unauthorized use of use of the Marks and/or confusingly similar marks or features, as alleged herein, constitutes passing off of its services as those of Precision Arts in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of Precision Arts's services.

66.     ID Dance's unauthorized use of the Marks and/or confusingly similar marks or features, as alleged herein, has caused and is causing a high likelihood of deception and confusion to actual and potential consumers in a material manner influential to customers' participation decisions in dance competitions.

67.     As a direct and proximate result of ID Dance's wrongful acts, Precision Arts has suffered, continues to suffer, and/or is likely to suffer damage to its Marks, business reputation, and goodwill that money cannot compensate. Unless enjoined, ID Dance will continue to use the Marks and/or confusingly similar marks or features and will cause irreparable damage to Precision Arts for which Precision Arts has no adequate remedy at law. Thus, Precision Arts is entitled to an injunction precluding ID Dance and, as applicable, its officers, members, agents, servants, and

16

employees, and all persons acting in concert with them, from using the Marks and/or confusingly similar marks or features in connection with ID Dance and the promotion, marketing, offer to sell, or sale of any services of ID Dance.

68.     Precision Arts is further entitled to recover from ID Dance the actual damages Precision Arts has sustained, is sustaining, and/or is likely to sustain as a result of ID Dance's wrongful acts.

69.     On information and belief, ID Dance's use of the Marks and/or confusingly similar marks has been intentional and willful. ID Dance's bad faith is evidenced at least by the similarity of ID Dance's infringing services to the Marks and the prior relationship between Precision Arts and the founder of ID Dance. Because of the willful nature of ID Dance's wrongful acts, Precision Arts is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

70.     Pursuant to 15 U.S.C. § 1117, Precision Arts is also entitled to recover its costs of suit and its attorneys' fees because this is an exceptional case.

## COUNT II
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

71.     Precision Arts hereby realleges, repeats, and incorporates each and every allegation made above as if fully set forth herein.

72.     ID Dance has knowingly used and continues to use in commerce, without Precision Arts's permission or authorization, "ID Icon Dance Challenge" and "ID Icon Challenge" in connection with the services that ID Dance advertises, promotes, provides, and sells in the United States. ID Dance uses "ID Icon Dance Challenge" and "ID Icon Challenge" with the knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to and/or trade off the "PAC Attack Challenge" mark of Precision Arts.

73.     ID Dance's use of "ID Icon Dance Challenge" and "ID Icon Challenge" as alleged herein: (a) constitutes infringement of the registered trademark "PAC Attack Challenge;" (b) is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of ID Dance's services with Precision Arts's services; (c) is likely to cause such people to believe in error that ID Dance's infringing services have been authorized, sponsored, approved, endorsed, or licensed by Precision Arts or that ID Dance is in some way affiliated with Precision Arts.

74.     Precision Arts has no control over the nature and quality of the infringing services ID Dance offers, and Precision Arts's reputation and goodwill will be damaged—and the value of the "PAC Attack Challenge" mark jeopardized—by ID Dance's continued use of "ID Icon Dance Challenge," "ID Icon Challenge," and/or confusingly similar marks. Because of the likelihood of confusion between ID Dance's infringing services and the "PAC Attack Challenge" mark, any defects, objections, or faults found with ID Dance's infringing services will negatively reflect upon and injure the reputation that Precision Arts has established for the products it offers in connection with the "PAC Attack Challenge" mark. As such, ID Dance is liable to Precision Arts for infringement of its registered mark under 15 U.S.C. §1114.

75.     As a direct and proximate result of ID Dance's wrongful acts, Precision Arts has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, ID Dance will continue to use marks confusingly similar to the "PAC Attack Challenge" mark, and will cause irreparable damage to Precision Arts for which Precision Arts has no adequate remedy at law. Thus, Precision Arts is entitled to an injunction restraining ID Dance and, as applicable, its officers, members,

agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

76.     Precision Arts is further entitled to recover from ID Dance the actual damages Precision Arts has sustained, is sustaining, and/or is likely to sustain as a result of ID Dance's wrongful acts.

77.     On information and belief, ID Dance's use of the confusingly similar "ID Icon Dance Challenge" and "ID Icon Challenge" has been intentional and willful. ID Dance's bad faith is evidenced at least by the similarity of ID Dance's "ID Icon Dance Challenge" and "ID Icon Challenge" to Precision Arts's registered "PAC Attack Challenge" mark and the prior relationship between Precision Arts and the founder of ID Dance. Because of the willful nature of ID Dance's wrongful acts, Precision Arts is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

78.     Pursuant to 15 U.S.C. § 1117, Precision Arts is also entitled to recover its costs of suit and its attorneys' fees because this is an exceptional case.

## COUNT III
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

79.     Precision Arts hereby realleges, repeats, and incorporates each and every allegation made above as if more fully set forth herein.

80.     The Marks have become famous throughout the United States as a result of the duration, extent, and geographical reach of advertising and publicity, the amount, volume, and geographical extent of Precision Arts's services, their channels of trade, their degree of recognition of the Marks, and the registration of one of the Marks.

81.     The Marks became famous before ID Dance used the Marks.

82.     Because Precision Arts's services bearing the Marks have gained a reputation synonymous with their entertainment value, quality, style, and authenticity, the Marks have gained substantial renown. ID Dance has used and continues to use in commerce the Marks in connection with the advertisement, promotion, and provision of ID Dance's services.

83.     ID Dance's use of the Marks has caused, continues to cause, and/or is likely to cause irreparable injury to and dilution of the distinctive quality of the Marks in violation of Precision Arts's rights under 15 U.S.C. § 1125(c). ID Dance's wrongful use of the Marks is likely to cause dilution by blurring and/or tarnishing the Marks.

84.     As a direct and proximate result of ID Dance's wrongful acts, Precision Arts has suffered, continues to suffer, and/or is likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless restrained, ID Dance will continue to use the Marks, and will cause irreparable damage to Precision Arts for which Precision Arts has no adequate remedy at law. Thus, Precision Arts is entitled to an injunction restraining ID Dance and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of dilution.

85.     Precision Arts is further entitled to recover from ID Dance the actual damages Precision Arts has sustained, is sustaining, and/or is likely to sustain as a result of ID Dance's wrongful acts.

86.     On information and belief, ID Dance's use of the Marks has been intentional and willful. ID Dance's bad faith is evidenced at least by the similarity of ID Dance's infringing services to the Marks and the prior relationship between Precision Arts and the founder of ID Dance. Because of the willful nature of ID Dance's wrongful acts, Precision Arts is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

87.     Pursuant to 15 U.S.C. § 1117, Precision Arts is also entitled to recover its costs of suit and its attorneys' fees because this is an exceptional case.

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT AND PASSING OFF**

88.     Precision Arts hereby realleges, repeats, and incorporates each and every allegation made above as if fully set forth herein.

89.     Precision Arts has a valid, legally protectable interest in the Marks.

90.     Precision Arts was the first to use the Marks. As a result of Precision Arts's continuous promotion and sales of products bearing the Marks for many decades, the Marks have become widely known, and Precision Arts has been identified in the public mind as the provider of the services to which the Marks are applied.

91.     As a result of the experience, care, and service of Precision Arts in providing the services to which the Marks are applied, Precision Arts's services have become widely known and have acquired a nationwide reputation for entertainment value, quality, style, and authenticity. Moreover, the Marks have come to symbolize Precision Arts's reputation for quality and excellence.

92.     ID Dance used the Marks to identify its own services. ID Dance did not have Precision Arts's consent, permission or license to use the Marks.

93.     ID Dance, with knowledge and intentional disregard of Precision Arts's rights, continues to advertise, promote, and sell services using the Marks and/or confusingly similar marks. ID Dance's acts have caused, continue to cause, and/or are likely to cause confusion as to the source and/or sponsorship of Precision Arts's services.

94.     ID Dance's acts alleged herein and specifically, without limitation, ID Dance's use, promotion, offers to sell, and/or selling in the United States numerous products that are

21

confusingly similar to products bearing the Marks, infringe Precision Arts's exclusive trademark rights in violation of the common law.

95.    ID Dance used the Marks with the intent to confuse consumers regarding the origin of ID Dance's services.

96.    ID Dance's use of the Marks, or confusingly similar versions thereof, has caused consumer confusion, and will continue to cause consumer confusion, regarding the origins of ID Dance's products and services and has diminished Precision Arts's goodwill and ability to control what is sold under the Marks.

97.    ID Dance's conduct constitutes trademark infringement in violation of Illinois common law.

98.    ID Dance's conduct constitutes passing off of its products and/or services as those provided by Precision Arts.

99.    Defendant's acts have caused, and will continue to cause, Precision Arts to suffer damages.

**COUNT V**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE**
**TRADE PRACTICES ACT UNDER 815 ILCS §§ 510 *ET. SEQ.***

100.    Precision Arts hereby realleges, repeats, and incorporates each and every allegation made above as if fully set forth herein.

101.    ID Dance's actions, as alleged herein, constitute unfair trade practices in violation of 815 ILCS 510/1 *et seq.* in that ID Dance's conduct is likely to deceive, mislead, and confuse the relevant public as to the source or sponsorship of ID Dance's products and/or services.

102.    Because ID Dance had actual and constructive notice of Precision Arts's prior use of and rights in the Marks, ID Dance willfully engaged in unfair trade practices in violation of Illinois law.

103.    As a result of ID Dance's acts, as alleged herein, Precision Arts has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits.

## COUNT VI
## COMMON LAW FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

104.    Precision Arts hereby realleges, repeats, and incorporates each and every allegation made above as if fully set forth herein.

105.    ID Dance's actions, as alleged herein, also constitute false designation of origin and unfair competition in violation of Illinois common law, as the aforementioned acts constitute an intentional misappropriation of the Marks, reputation and commercial advantage. ID Dance, through its actions, as alleged herein, has falsely designated those services as affiliated with Precision Arts.

106.    As a result of ID Dance's aforesaid conduct, Precision Arts has suffered substantial damage and irreparable harm constituting an injury for which Precision Arts has no adequate remedy at law. Unless this Court enjoins ID Dance's conduct, Precision Arts will continue to suffer irreparable harm.

## COUNT VII
## TRADEMARK DILUTION UNDER 735 ILCS §§ 1036, *ET SEQ.*

107.    Precision Arts hereby realleges, repeats, and incorporates each and every allegation made above as if fully set forth herein.

108.    The Marks are distinctive and famous within the meaning of section 65 of the Illinois Trademark and Registration Act, 765 ILCS § 1036/65.

109.    ID Dance's use of the Marks began after the Marks became famous.

110.    ID Dance's actions, as alleged herein, are likely to cause injury to Precision Arts's business reputation and/or the dilution of the distinctive quality of the Marks, in violation of the Illinois Trademark and Registration Act, 765 ILCS § 1036/65.

111.    ID Dance's actions alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Precision Arts's Marks, business, reputation, and goodwill. Precision Arts has no adequate remedy at law as monetary damages are inadequate to compensate Precision Arts for the injuries caused by ID Dance.

112.    ID Dance's wrongful use of the Marks is deliberate, willful, and in reckless disregard of Precision Arts's trademark rights, entitling Precision Arts to the recovery of damages in an amount to be proved at trial, and treble damages.

## COUNT VIII
## UNJUST ENRICHMENT UNDER ILLINOIS LAW

113.    Precision Arts hereby realleges, repeats, and incorporates each and every allegation made above as if fully set forth herein.

114.    ID Dance has used the significant goodwill and consumer recognition inherent in the Marks as a stepping stone to launch its own dance competition business.

115.    ID Dance's marketing efforts have benefited and they have profited financially, and are likely to continue benefiting and profiting, by leading customers to believe that ID Dance is affiliated with Precision Arts.

116.    As a direct and proximate result of ID Dance's actions, alleged herein, Precision Arts has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

24

## JURY DEMAND

117.    Pursuant to Federal Rule of Civil Procedure 38(b), Precision Arts hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Precision Arts prays for:

A.  A judgment and order that ID Dance has willfully (i) used false designations of origin in violation of 15 U.S.C. § 1125(a), (ii) infringed the Marks in violation of 15 U.S.C. § 1114, (iii) diluted the Marks in violation of 15 U.S.C. § 1125(c), (iv) violated Precision Arts's rights in the Marks under 815 ILCS §§ 510 *et seq.* and 735 ILCS §§ 1036 *et seq.* and common law, and (v) unjustly enriched itself.

B.  A judgment and order enjoining ID Dance and and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with ID Dance, during the pendency of this action and permanently thereafter from:

i.   Promoting, advertising, publicizing, distributing, offering for sale, or selling any products or services under the Marks or any other marks, names, symbols, or logos which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products and/or services that ID Dance caused to enter the stream of commerce or any of ID Dance's commercial activities are sponsored or licensed by Precision Arts, are authorized by Precision Arts, or are connected or affiliated in some way with Precision Arts or the Marks;

ii.  Implying Precision Arts's approval, endorsement, or sponsorship of, or affiliation or connection with, ID Dance's products, services, or commercial activities, passing off ID Dance's business as that of Precision Arts, or

engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Precision Arts and from otherwise interfering with or injuring the Marks or the goodwill associated therewith;

iii.   Engaging in any act which is likely to dilute the distinctive quality of the Marks and/or injures Precision Arts's business reputation;

iv.   Representing or implying that ID Dance is in any way sponsored by, affiliated with, or licensed by Precision Arts; or

v.   Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs B(i) to (iv) above.

C.  An order that Precision Arts is the exclusive owner of the Marks and that the Marks are valid and protectable;

D.  An order granting an award of damages suffered by Precision Arts according to proof at the time of trial;

E.  An order that ID Dance account to Precision Arts for any and all profits earned as a result of ID Dance's acts in violation of Precision Arts's rights;

F.  An award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

G.  An order granting an award of punitive damages for the willful and wanton nature of ID Dance's aforesaid acts under the common law;

H.  An order granting pre-judgment interest on any recovery by Precision Arts;

26

I. An order granting an award of Precisions Arts's costs, expenses, and reasonable attorneys' fees; and

J. Granting such other and further relief as is just and proper.

Dated: September 14, 2021                 Respectfully submitted,

*/s/ Kim R. Walberg*
Kim R. Walberg – ARDC No. 6270782
Jaimin H. Shah – ARDC No. 6322814

TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker, Suite 2800
Chicago, IL 60601
(312) 840-4320
kwalberg@taftlaw.com
jshah@taftlaw.com

*Attorneys for Plaintiff Precision Arts, Inc.*